IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, as Executrix of the Estate of Fred Williams, deceased, et al., | : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:07-CV-0240-JOF |
| v. | : : |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : : : |
| Defendant. | : |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion to dismiss the complaint in part [2] and Plaintiffs' motion for extension of time to file a more definite statement or motion to amend complaint [5].

**I.   Background**

**A.   Procedural History**

Plaintiffs, Sharon Williams as executrix of the estate of Fred Williams, Rashun Williams, and Courtney Williams, filed suit against Defendant, Unum Life Insurance Company of America (hereinafter "Unum"), in the Superior Court of Fulton County on December 21, 2006. Plaintiffs make state law claims of breach of contract and bad faith

pursuant to O.C.G.A. § 33-4-6 (2007). Plaintiffs further allege that Defendant violated the Georgia Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), O.C.G.A. § 16-14-4 (2007). Defendant removed the suit to this court on January 26, 2007, claiming federal jurisdiction due to diversity among the parties and filed the instant motion to dismiss the complaint in part on February 1, 2007. On February 22, 2007, Plaintiffs filed the instant motion for extension of time to file a more definite statement or to amend the complaint.

### B. Plaintiffs' Complaint

On Defendant's motion to dismiss, the facts in this case are taken from Plaintiffs' complaint. Fred Williams, the decedent, was an employee of the Metropolitan Atlanta Rapid Transit Authority (hereinafter "MARTA") from 1984 until his death on March 21, 2004. (Cmpl., ¶¶ 10-12.) On December 21, 2002, Williams enrolled in the voluntary Unum life insurance plan offered by the MARTA Employees Club. (Cmpl., ¶ 12.) The plan carried a value of $100,000. (*Id*.) Williams paid his life insurance premiums to Defendant up until his death, as required by the insurance contract. (*Id*., ¶ 14.) Williams was never informed that there was a question whether he was insurable under the policy, and the contract with Defendant did not require evidence of insurability. (*Id*., ¶¶ 15, 17.) After Williams' death, Plaintiffs submitted a claim for payment of the policy. (Cmpl., ¶¶ 13, 19.)

2

Defendant denied this claim and Plaintiffs appealed to Defendant before commencing this action. (Cmpl., ¶ 14.)

Plaintiffs raise two counts in their complaint. The first is a claim for breach of contract for failure to pay benefits. The second is a claim of bad faith pursuant to O.C.G.A. § 33-4-6. Plaintiffs seem to assert a Georgia RICO claim in the midst of Count Two. Paragraph 30 of the complaint states, "The Defendants [sic] knowingly and intentionally violated the Georgia RICO Statue [sic] for the purpose of pecuniary gain. The Defendants [sic] deprived the Plaintiff's [sic] failing to pay a valid claim when properly presented thus, in turn making a pecuniary gain." (Cmpl., ¶ 30.) In their prayer for relief, Plaintiffs seek the benefits under the Unum insurance policy. They also request that the court

> (2) Find and hold Defendant has acted in bad faith and that Plaintiffs are entitled to the maximum additur allowable by law on all past and future benefits to which they are entitled *plus punitive damages*; (3) Find that Defendants [sic] knowingly and intentionally violated the Georgia RICO Statue [sic] for the purpose of pecuniary gain and award the Plaintiff's [sic] punitive damages.

Cmpl., § V(2)-(3) (emphasis added).

With respect to the instant motion to dismiss in part, Defendant contends that Plaintiffs have not alleged any facts that support a claim under Georgia RICO. Defendant further contends that Plaintiffs' exclusive remedy for bad faith denial of benefits under an insurance contract arises under O.C.G.A. § 33-4-6 (2007).

3

**II.     Discussion**

The Georgia Supreme Court has concluded that corporations are subject to and may be sued under the state's RICO statute. *Williams Gen. Corp. v. Stone*, 280 Ga. 631, 631 (2006). This statute makes it unlawful for anyone to "acquire an interest in or control of money or property through a pattern of racketeering activity." *Cobb County v. Jones Group P.L.C.*, 218 Ga. App. 149, 154 (1995) (citation omitted). To prove a state RICO claim, plaintiffs need only establish racketeering activity, not prove that an enterprise exists. *Williams v. Mohawk Indust., Inc.*, 465 F.3d 1277, 1293 (11th Cir. 2006). To establish racketeering activity, plaintiffs "must show that the defendant committed predicate offenses (set forth in OCGA § 16-14-3(9)) at least twice." *Jones Group*, 218 Ga. App. at 154.

In both their complaint and their response to Defendant's motion to dismiss, Plaintiffs fail to allege any facts that may be construed as predicate offenses that represent a pattern of racketeering under Georgia RICO. The complaint simply makes the conclusory assertion that "The Defendants [sic] knowingly and intentionally violated the Georgia RICO Statue [sic] for the purpose of pecuniary gain." (Cmpl., ¶ 30.) In their response to Defendant's motion to dismiss, Plaintiffs offer no elaboration and assert that their complaint alleges a systematic and ongoing pattern of racketeering activity on the part of the Defendant. (Mem. in Supp. of Pls.' Resp. to Df.'s Mot. to Dismiss, 9.) A mere allegation of "racketeering activity," however, does not allude to any predicate act. It could be that Plaintiffs contend

4

Defendant's alleged bad faith refusal to pay is a predicate act. While it is true that committing or attempting to commit insurance fraud is a predicate offense under the statute, O.C.G.A. § 16-14-3(9)(A) (xxxvii), an insurer's denial of a claim does not fall within the statutory definition of insurance fraud. O.C.G.A. § 33-1-9 (2007). Furthermore, that allegation is only one predicate act and the statute requires two.[1]

Further, the parties agree that Georgia law holds that O.C.G.A. § 33-4-6 is the exclusive remedy for plaintiffs against insurance companies that deny benefits. As the Supreme Court of Georgia held in *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 871 (1984), "where the General Assembly has provided a specific procedure and a limited penalty for noncompliance with a specific enactment . . . the specific procedure and limited penalty were intended by the General Assembly to be the exclusive procedure and penalty. . . . This conclusion is equally applicable to OCGA § 33-4-6." O.C.G.A. § 33-4-6 states that an insurer who refuses, in bad faith, to pay claims to policy holders "shall be liable to pay such

---

[1] It is unclear, here, as to whether Plaintiffs must plead predicate acts under RICO with particularity pursuant to Fed. R. Civ. P. 9(b). See, e.g., *Williams v. Mohawk Indust., Inc.*, 314 F. Supp. 2d 1333 (N.D. Ga. 2004) ("When pleading a RICO action, it is well-settled that where the predicate act sounds in fraud (e.g., mail fraud, wire fraud, or securities fraud), the plaintiff must plead that predicate act with particularity . . . [but] the Eleventh Circuit has not yet addressed whether the heightened pleading requirement of Rule 9(b) applies to RICO causes of action premised on non-fraud predicate acts[;] some ambiguity exists as to whether the particularized pleading requirements of Rule 9(b) apply to all RICO actions."), *aff'd in part, rev'd in part on other grounds, and remanded*, 465 F.3d 1277 (11th Cir. 2006). However, since Plaintiff has failed to sufficiently plead two predicate acts under the lesser notice pleading standard of Rule 8, the court does not need to address this issue.

holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer." Plaintiffs' claim for punitive damages is thus barred by O.C.G.A. § 33-4-6 for two reasons. First, the statute explicitly limits damages available to plaintiffs. Second, the Supreme Court of Georgia has held that specific penalties outlined in a statute are the exclusive penalties for violations of that statute.

Perhaps realizing the precarious nature of their position, Plaintiffs seek leave of the court to amend their complaint. To support this request, Plaintiffs state only:

> As outlined in Rule 12(b)(6) the Plaintiff shows that the claim should go forward and allow the Plaintiff to prove his case through discovery thus, the motion to dismiss is not timely. There is no issue of the ability of the Defendant to be able to file a responsive pleading to the allegation for which the Defendant denies. The alternative would be for the Plaintiff to file a more definite statement or to amend the Complaint. The Plaintiff clearly shows that the allegations are clear and that the case can be substantiated through discovery as requested and should not be dismissed.

(Mem. in Supp. Of Pls.' Resp. to Df.'s Mot. to Dismiss, 11.) The court has difficulty parsing the meaning of the above statement. As best the court can understand it, Plaintiffs wish to engage in discovery so as to find a claim beyond their O.C.G.A. § 33-4-6 claims. Obviously, this is not the proper method.

The court recognizes that the Federal Rules of Civil Procedure require that leave to amend complaints "shall be freely given [by the court] when justice so requires." Fed. R. Civ. P. 15(a). However, the court notes that Plaintiffs in this case have not mentioned any

6

facts or allegations that they would raise in an amended complaint. In light of the vague nature of Plaintiffs' request, the court finds there is, at this time, no reason to grant Plaintiffs' request for leave to file an amended complaint. Additionally, Defendant's motion to dismiss Plaintiffs' RICO claims is granted because Plaintiffs have alleged no facts that indicate RICO violations and because O.C.G.A. § 33-4-6 limits plaintiffs' remedies for breach of contract and bad faith denial of claims by insurance companies.

### III. Conclusion

The court DENIES Plaintiffs' motion to amend complaint. The court GRANTS Defendant's motion to dismiss the complaint in part.

**IT IS SO ORDERED** this 27th day of August 2007.

                                             s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                         SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)